UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CHARLES LEWIS BOBO,                                                      6:14-cv-1072-TC

                                              Plaintiff,

                                                              FINDINGS & RECOMMENDATION

                    v.

STATE OF ARIZONA DEPT. OF
ECONOMIC SECURITY, and MARICOPA
MEDICAL CENTER,

                                              Defendants.
_____

COFFIN, Magistrate Judge:

        Pro se plaintiff, Charles Bobo, filed this action against the State of Arizona Department of

Economic Security and the Maricopa Medical Center on July 3, 2014.  Plaintiff moves to proceed

*in forma pauperis* (IFP).  A review of plaintiff's application reveals he is unable to afford the costs

of litigation and his application (#1) is therefore granted.  However, the clerk shall not issue process

as the case should be dismissed for lack of jurisdiction.

        The court should dismiss, at the earliest practical time, certain IFP actions that fail to state

a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).  In determining the sufficiency of a pro se complaint, the

court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S.

519, 520–21 (1972).  The court must "accept as true all of the allegations in the complaint and all

Page 1 - FINDINGS & RECOMMENDATION

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Plaintiff alleges what could be construed as a violation of his due process rights concerning the denial of benefits or discontinuation of food stamp benefits under Arizona's general assistance program based on the lack of disability determined by Dr. Douglas Nelson apparently of the Maricopa Medical Center. Plaintiff seeks "500,000 million dollars" in damages as a result. No liberal construction of the complaint demonstrates a viable cause of action. Beyond issues of the State of Arizona's immunity from suit under 42 U.S.C. § 1983, Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (section 1983 actions do not lie against a State), and the Eleventh Amendment, there is a statute of limitations issue as plaintiff alleges the actions giving rise to his case occurred on April 2, 2008.[1] Furthermore, the complaint and its attachments make clear that the actions giving rise to this case occurred in Arizona at time when plaintiff resided in Arizona. Accordingly, the court lacks specific personal jurisdiction over defendants and there are no allegations to suggest the court has general jurisdictions over them.[2] Even if plaintiff could amend

---

[1]Again, assuming plaintiff alleges a cause of action under 42 U.S.C. § 1983, the court borrows Arizona's two year statute of limitations. Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 974 (9th Cir. 2004); see Ariz.Rev.Stat. § 12-542.

[2]The court may exercise jurisdiction over any party so long as "prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." Or.R.Civ.P. 4 L. Thus, the long-arm statute of the State of Oregon is coextensive with the limits of federal due process. Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990). When the activities of a defendant within the State of Oregon are "continuous and systematic" or "substantial," a court may exercise general personal jurisdiction over that defendant without offending notions of due process. See Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987). In addition, there is a three-part test for determining when limited specific jurisdiction may be exercised over defendants: 1) a nonresident defendant must purposefully avail herself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claims must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable. Roth v. Garcia Marque, 942 F.2d 617, 620-21 (9th Cir. 1991).

to cure such defects, it is clear that the interests of justice are better served by deferring venue to Arizona. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).    The court should consider private and public interest factors affecting the convenience of the forum. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

> Private factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Public factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Piper Aircraft, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6 (quoting Gulf Oil Corp., 330 U.S. at 509, 67 S.Ct. at 843).

Id. Of course, a court must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum. Id. Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp., 501 U.S. at 508.

Here, as noted, the complaint makes clear that this action arose exclusively within the borders of Arizona. The administrative laws of the State of Arizona must be construed to determine the appropriate process due and any liberty or property interests at stake. Most, if not all, of the documentary evidence will be located in Arizona as are the vast majority of witnesses. Although plaintiff's choice of forum is Oregon, it appears that is only because he has relocated from Arizona at some point in the six years since the activities given rise to this action occurred. The balance of

convenience overwhelmingly favors the Arizona defendants.

Accordingly, the court should dismiss this action with prejudice to refiling in this court as it is clear that an amendment will not resolve the deficiencies in the complaint.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this _23_ day of July  2014.

THOMAS M. COFFIN
United States Magistrate Judge